No. 23-2274

════════════════════════════════════════════

# In the
# United States Court of Appeals
# for the Federal Circuit

———————

TARGET CORPORATION,

*Plaintiff-Appellant*,

—v.—

UNITED STATES,

*Defendant-Appellee*.

———————

APPEAL FROM THE UNITED STATES
COURT OF INTERNATIONAL TRADE
IN COURT NO. 21-00162
SENIOR JUDGE LEO M. GORDON

———————

**COMBINED BRIEF FOR APPELLANT AND APPENDIX**

———————

PATRICK D. GILL
SANDLER, TRAVIS & ROSENBERG, P.A.
675 Third Avenue, Suite 1805-06
New York, New York 10017
(212) 549-0156

*Attorneys for Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number**      23-2274

**Short Case Caption**   Target Corporation v. US

**Filing Party/Entity**   Target Corporation

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date:  10/3/2023            Signature:  /s/Patrick D. Gill

                            Name:     Patrick D. Gill

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Target Corporation | Target Corporation | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable    ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)    ☐ No    ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable    ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ..................................................... i

STATEMENT OF RELATED CASES ........................................ 1

STATEMENT OF JURISDICTION ............................................. 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ......................... 1

STATEMENT OF THE CASE .................................................... 2

SUMMARY OF ARGUMENT ................................................... 4

ARGUMENT .......................................................................... 5

Standard of Review ................................................................. 5

   I.   THE DECISIONS OF THE COURT OF INTERNATIONAL TRADE TO ORDER RELIQUIDATION OF THE ENTRIES IS CONTRARY TO THE DECISION OF THIS COURT IN *CEMEX, S.A. V. UNITED STATES*, 384 F.3d 1314 (Fed. Cir. 2004) ........................................... 6

   II.   IN THE DECISION BELOW THE LOWER COURT HAS FAILED TO ESTABLISH ANY MEANINGFUL DISTINCTION IN THE CONTROLLING FACTS AND LAW IN THIS CASE FROM THOSE IN THE CEMEX CASE ....................................................... 12

   III.   THE DECISION TO DISMISS THIS ACTION FOR FAILURE TO STATE A CLAIM IS CONTRARY TO THE DECISION IN *HOME PRODUCTS II* ................................................................... 16

CONCLUSION ...................................................................... 18

CERTIFICATE OF COMPLIANCE ......................................... 19

# TABLE OF AUTHORITIES

**CASES:**

*Cemex, S.A. v. United States*, 384 F.3d 1314 (Fed. Cir. 2004)..........................4, 5, 6

*Connecticut Nat'l Bank v. Germain*, 503 U.S. 249 (1992) ................................10, 11

*Home Products International, Inc., et al., v. United States*, 405 F. Supp. 3d 1368 (Ct. Int'l Trade 2019) ..................................................................................1

*Jones v. Brown*, 41 F. 3d 634 (Fed. Cir. 1994) ..........................................................10

*Juice Farms Inc. v. United States*, 68 F3d 1344 (Fed. Cir. 1995)............................7

*Rubin v. United States*, 449 U.S. 424 (1981) ...........................................................11

*United Pacific Insurance Co. v. United States*, 464 F.3d 1325 (Fed. Cir. 2006).......................................................................................................................18

*VWP of Am., Inc. v. United States*, 175 F. 3d. 1327 (Fed. Cir. 1999) .......................6

**STATUTES:**

19 U.S.C. § 1501 ...........................................................................3, 4, 5, 6, 9, 11, 16

19 U.S.C. § 1504(d) ...........................................................................2-4, 6, 9, 12, 15, 16

19 U.S.C. § 1514.........................................................................................................8

19 U.S.C. § 1514(a) ...........................................................................2, 4, 6, 7, 8, 9

19 U.S.C. § 1514(b) ...................................................................................................7

19 U.S.C. § 1504(d) ...........................................................................2, 3, 4, 6, 9, 12

28 U.S.C. § 1295(a)(5)...............................................................................................17

28 U.S.C. § 1581(a) ...........................................................................................1, 6, 16-18

28 U.S.C. § 1581(i) ...................................................................................................6

## STATEMENT OF RELATED CASES

In accordance with Rule 47.5 of the Rules of the United States Court of Appeals for the Federal Circuit, counsel for the appellant makes the following statement:

(1) This appeal is the culmination of continuing litigation before the Court of International Trade and this Court beginning with *Home Products International, Inc., et al., v. United States*, 405 F. Supp. 3d 1368 (Ct. Int'l Trade 2019) and the appeal therefrom in *Home Products International, Inc., et al., v. United States*, 846 Fed.Appx 890 (Fed. Cir. 2021) before a panel consisting of Circuit Judges O'Malley, Taranto and Stoll.

(2) We are not aware of any other pending action that will directly affect or be directly affected by the decision in this appeal of this action.

## STATEMENT OF JURISDICTION

Jurisdiction of the United States Court of International Trade for this action is found under 28 U.S.C. § 1581(a). Appellant, Target Corporation (hereinafter: "Target"), timely filed a notice of appeal with the United States Court of International Trade on August 7, 2023. The appeal is from the decision below dismissing the case for failure to state a claim.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

This appeal presents four main issues:

1. Whether the lower court's decisions in this case and its related decision in *Home Products International, Inc., et al., v. United States*, 405 F. Supp 3d 1368 (Ct. Int'l Trade 2019), are flatly contradictory to the decision of this Court in *Cemex, S.A. v. United States*, 384 F. 3d 1314 (Fed. Cir. 2004).

2. Whether the lower court erred in holding that it had equitable power to order the reliquidation of the entries in issue, an act which is *ultra vires*, illegal, null and void.

3. Whether the lower court's dismissal of this action for failure to state a claim is in conflict with the decision of this Court in *Home Products International, Inc., et al., v. United States*, 846 Fed.Appx 890 (Fed. Cir. 2021).

4. Whether the lower court erred in dismissing this case "for failure to state a claim. . . ."

## STATEMENT OF THE CASE

This case is the result of continuing litigation which began with *Home Products International, Inc., et al., v. United States*, 405 F. Supp 3d 1368 (Ct. Int'l Trade 2019) (hereinafter: *Home Products I*) and continued in *Home Products International, Inc., et al., v. United States*, 846 Fed.Appx 890 (Fed. Cir. 2021) (hereinafter: *Home Products II*). These decisions are intertwined with the decision below and referred to extensively in the decision. The decision below is essentially a defense of *Home Products I*. At issue in this appeal is (1) the dismissal of this case for failure to state a claim and (2) the legality of the order of the Court of International Trade, finding it had the equitable power to order reliquidation of the entries despite the fact that the entries had been liquidated by operation of law under 19 U.S.C. § 1504(d) which become final and conclusive under 19 U.S.C. § 1514(a).

A history of the case leading up to *Home Products I* is set forth at the outset of the opinion in that case. 405 F. Supp. 3d at 1368-1371. In a nutshell, the lower court directed the Department of Commerce (hereinafter: "Commerce") to assess

antidumping duties of 72.29% pursuant to a stipulation of the parties, which did not

include Target, a non-party in that action. On January 5, 2017, Commerce issued

instructions to Customs and Border Protection (hereinafter: "Customs") to liquidate

the entries at the rate of 72.79%. However, Customs did not follow these instructions

and the entries which are the subject of this action were deemed liquidated by

operation of law under 19 U.S.C. § 1504(d) in March at the original antidumping

duty rate of 9.47% under which the merchandise was entered.[1] Customs erroneously

allowed the liquidation of the entries by operation of law at the lower rate contrary

to the final determination and instruction from Commerce. *Id*. at 1371. Under 19

U.S.C. § 1501, Customs then had 90 days in which to reliquidate the entries at the

proper rate. However, Customs failed to reliquidate the entries with the 90-day

period. When the government subsequently called this error to the attention of the

lower court, the CIT ordered that the entries be liquidated at the higher rate despite

the fact that the time for reliquidation of Target's entries under 19 U.S.C. § 1501 had

expired. *Id*. Target promptly challenged the unlawfulness of the untimely

liquidations with motions to intervene, for reconsideration, and to vacate the court's

order of reliquidation as noted by the Court below in *Home Products I*. *Id*.

---

[1] A much larger group of Target's entries were liquidated at the higher dumping rate of 72.29% in accordance with the instructions from Commerce. 152 entries were liquidated at the higher rate and Target paid $11,868,842.77 as a result. Those liquidations are not in dispute on this appeal; only the remaining 40 entries are.

Ultimately, the lower court ordered the reliquidation of the entries at the higher rate of duty and denied as moot Target's motions to intervene and to stay implementation of the order for reconsideration. *Id*. at 1378.

The decision below is a defense and reaffirmation of the lower court's decision in *Home Products I* and must be read in conjunction with *Home Products I* and *Home Products II* in order to have a complete picture of the issues before the Court in this appeal. In a sense, despite the change of the plaintiff to Target, this case is essentially *Home Products III*.

## SUMMARY OF ARGUMENT

This is an appeal from a final order of the Court of International Trade, which Target contends is illegal, null, and void. The order to reliquidate the Customs entries, which are the subject of this appeal, was an *ultra vires* act that is flatly contrary to the decision of this Court in *Cemex, S.A. v. United States*, 384 F.3d 1314 (Fed. Cir. 2004).

The entries were erroneously liquidated by operation of law under 19 U.S.C. § 1504(d) at the antidumping duties deposited at the time of entry which were lower than the antidumping duties determined by Commerce in its final antidumping duty order. Customs failed to reliquidate the entries at the proper rate within the 90 days permitted under 19 U.S.C. § 1501, and as a result, the original liquidations became final and conclusive by operation of law under 19 U.S.C. § 1514(a). In fact, in

requesting the court to order reliquidation, Customs recognized that it would be illegal for it to reliquidate the entries because the 90-day period to do so had expired and that Customs does not have the legal authority to reliquidate under section 1501. See page 11, *infra*.

As a result, Customs sought relief from the CIT, requesting it order reliquidation of the entries despite the fact that such a reliquidation would be flatly contrary to applicable law and the holding of the Court in the *Cemex* case.[2] The trial court essentially questioned the reasoning of the *Cemex* decision of this Court and ordered the illegal reliquidation, without offering any reasoning anchored in law or precedent.

For these reasons, the Court should reverse the decision of the CIT and remand the case to the lower court to order a refund of the additional duties illegally assessed in reliquidation, with interest, as provided by law.

## ARGUMENT

**Standard of Review**

The standard for this Court to review the interpretation of the statutory provisions at issue in this appeal is *de novo* review. *Cemex, S.A. v. United States*,

---

[2]  In the first instance, Customs failed to liquidate the entries in accordance with the instructions from Commerce. In the second instance, Customs failed to reliquidate within the 90 day period under Section 1501. Customs then sought a third bite at the apple by seeking illegal relief from the CIT.

384 F. 3d 1314, 1319 (Fed. Cir. 2004); *VWP of Am., Inc. v. United States*, 175 F. 3d 1327, 1334 (Fed. Cir. 1999). The *de novo* review of decision of the CIT in the *Cemex* case involved the same statutory provisions, in particular, 19 U.S.C. § 1501, 19 U.S.C. § 1504(d), 19 U.S.C. § 1514(a), 28 U.S.C. § 1581(a) and 28 U.S.C. § 1581(i).

## I.

### THE DECISIONS OF THE COURT OF INTERNATIONAL TRADE TO ORDER RELIQUIDATION OF THE ENTRIES IS CONTRARY TO THE DECISION OF THIS COURT IN *CEMEX, S.A. V. UNITED STATES*, 384 F.3d 1314 (Fed. Cir. 2004)

Target respectfully submits that the lower court's order to reliquidate the entries is flatly contrary to the decision of this Court in *Cemex, S.A. v. United States*, 384 F. 3d. 1314 (Fed. Cir. 2004) ("*Cemex*"). The decision in *Cemex* is a controlling precedent of this Court, which the CIT did not follow. As in this case, the domestic producers in *Cemex* obtained an antidumping duty rate increase from Commerce. *Id.* at 1315. A large group of entries subject to the higher duty was deemed liquidated by Customs as entered at the original lower cash deposit rate initially deposited by the importer. Also as in this case, there was no question that those entries were deemed liquidated under 19 U.S.C. § 1504(d), and there was no reliquidation of the deemed liquidations within the 90 days permitted under 19 U.S.C. § 1501. Like Home Products International in *Home Products I*, the domestic producer in *Cemex*, in collaboration with Customs, sought to have the entries reliquidated at the higher rate in Commerce's final order. Notwithstanding the liquidation at the original rate,

this Court, in an opinion by Chief Judge Michel, unanimously affirmed the CIT decision denying the domestic producers' motion and holding that the liquidations became "final and conclusive upon all persons" under 19 U.S.C. § 1514(a). *Id.* at 1315-1316.

In addition, in the *Cemex* decision, this Court approved the reasoning of the CIT in an opinion by Chief Judge Restani stating that "nothing in § 1514(b) indicates it prevents finality as to Customs' determinations after court proceedings are conclusively terminated." *Id.* at 1322. The Court agreed with the CIT "that Customs' decision to acknowledge that liquidation, <u>deemed or otherwise</u>, has occurred falls within the purview of Section 1514(a) and is, therefore, 'final and conclusive upon <u>all</u> persons' – including [the domestic producer]." *Id.* at 1323. [Emphasis added in part]. The Court also noted that "Customs' admittedly erroneous decision to liquidate falls within the ambit of Section 1514(a)(5), which shields such decisions from challenge, without regard for their legality." *Id.* at 1324.

In *Home Products I*, the CIT recognized that it "does need to say a few words about *Cemex* . . . . " 405 F. Supp. at 1376. It noted that under *Juice Farms Inc. v. United States*, 68 F. 3d 1344 (Fed. Cir. 1995), and *Cemex*, finality of liquidation trumps correct antidumping duty assessment rates. *Id.* at 1373. Rather than following the clear dictates of these decisions, which would bar the order of reliquidation, the

CIT side stepped them and questioned the reasoning of the decision of this Court in *Cemex*. *Id*. at 1377.

The CIT also recognized that it had to concede that *Cemex* "can also admittedly be read more broadly as concluding that domestic interested parties simply have no remedy to correct an erroneous Customs' liquidation of subject entries covered by a judgment of the U.S. Court of International Trade." *Id*. We respectfully submit that that is not a broad reading; it is the only reasonable reading of that case. Despite the conclusion of this Court in *Cemex* reaffirming the basic principle that liquidation under Section 1514(a) is "final and conclusive upon *all* persons, – including [the domestic petitioner]," *Cemex* at 1323, the opinion of the CIT challenged the decision of this Court stating that "[T]he court cannot understand the logic or rationale of that reading or result." 405 F. Supp. at 1377. The CIT went on to further question the decision finding it "difficult to understand the conclusion [of this Court] that Congress – having provided detailed and comprehensive rights for domestic interested parties within the trade remedy statutes – somehow intended that those very parties have <u>no remedy</u> to correct a Customs' error . . . ." *Id*. The CIT stated that the "Federal Circuit was apparently persuaded by the Court of International Trade's conclusion that Congress simply failed to provide a remedy in § 1514 for domestic interested parties to correct Customs' errors in trade cases"

8

which it characterized as an "unfortunate conclusion." *Id*. This demonstrates that the CIT did not follow its own precedent, much less that of this Court.

It is not the province of a lower court to disregard a decision of an appellate court whether it understands it or not. We have no doubt that the CIT was disturbed by what it perceived as an inequity in following the prescriptions of the statute in Section 1501, Section 1504(d) and Section 1514(a). However, the courts are not free to disregard clear and unambiguous statutory restrictions enacted by Congress. This is not an equitable matter; it is a matter of law. What is at stake is the finality of liquidation as prescribed by statute by Congress. The simple fact of the matter is that, in many cases, importers as well as domestic parties can be frustrated by the finality of the statute of limitations. Importers who fail to file timely protests under Section 1514(a), due to negligence or other reasons, are similarly denied relief no matter how legitimate their claims are on the merits.[3] Apparently, the court below believes that the prohibition against reliquidation after the 90 day period has expired should not apply in the case of a domestic producer seeking reliquidation but should apply to an importer who is seeking the same relief. That is patently absurd and grossly inequitable. However, there is strong public policy in favor of that finality which has been recognized by Congress in the very language of Section 1514(a), "final and

---

[3] In *Juice Farms, Inc., supra*, it was the importer whose challenge to an erroneous liquidation of its entries assessing a higher antidumping duty was rejected because its protest was untimely under Section 1514(a).

conclusive." It is not for the courts to prescribe alternative remedies, nor disregard utterly unambiguous statutory language "final and conclusive upon all persons (including the United States and any officer thereof)." Under no reasonable interpretation can the term be construed otherwise. If there are to be any exemptions from the finality of liquidation, it is for Congress to expressly articulate them, not the courts. As stated by this Court in *Cemex*, "the proper forum for remedying the harshness of the statutes is Congress, not this court." *Cemex* at 1325.[4] Target respectfully submits that the court's function is to interpret the relevant law, not effectively rewrite it.

We respectfully submit that the decision by the CIT to order the reliquidation of the entries in question not only contradicts the governing statutory provisions, but also flies in the face of the precedential, binding decision of this Court in *Cemex*. The Supreme Court and this Court have recognized that Congress "says in a statute what it means and means in a statute what it says." See, *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992); see also, *Jones v. Brown*, 41 F. 3d 634, 638 (Fed. Cir. 1994). Here, the statute plainly and unambiguously states that

---

[4] We also submit that the situation is not nearly as draconian as the court below might suggest. Not only were the majority of Target's entries liquidated at the higher rate of duty, but of the 224 entries illegally reliquidated by Customs, only 40 were Target's entries. Presumably, no challenge has been made to the 184 remaining entries that were illegally reliquidated as far as we know. See also footnote 1, *supra*, where 152 of Target's entries were properly liquidated with an assessment of antidumping duties at the higher rate.

reliquidation must occur within 90 days. As stated by the Supreme Court in *Connecticut Nat'l Bank v. Germain, supra*, when "the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Rubin v. United States*, 449 U.S. 424, 430 (1981). The CIT lacked the authority to disregard the statute and the finality it guarantees to the importer.

Customs itself recognized that 19 U.S.C. § 1501 was intended to ensure that liquidation becomes <u>final</u> after the 90-day reliquidation period passes as explained by the Customs Commissioner during a post-amendment Congressional hearing:[5]

> Once this 90-day voluntary reliquidation period expires, CBP no longer has the legal authority to reliquidate an entry unless a protest is filed. Thus if an importer does not file a protest and the entry is beyond the 90-day voluntary reliquidation period, the liquidation of an entry becomes final and CBP is statutorily barred from changing the liquidation.

In acknowledgement of that bar, Customs in this instance then requested the lower court to order an illegal reliquidation of the entries which it recognized was illegal for Customs to do. Customs effectively asked the lower court to perform an illegal

---

[5] Oversight of the U.S. Customs and Border Protection Agency: Hearing Before the S. Comm. On Fin., 114th Cong. 625 (May 11, 2016) (statement of Gil Kerlikowske, Comm'r of U.S. Customs and Boarder Protection), <u>available at</u> https://www.gpo.gov/fdsys/pkg/CHRG-114shrg25314/html/CHRG-114shrg25314.htm (emphasis added); <u>see also id.</u> (stating that "[o]nce liquidation occurs, the import transaction is completed and the decision made by CBP becomes final and conclusive on all parties, including the United States.")

act which it recognized it could not do itself. The fact that an illegal order was issued by the court, rather than Customs, makes it no less illegal.

For all of these reasons, the decision of the CIT should be reversed and the case remanded to the CIT to order a refund of the additional antidumping duties assessed in the illegal reliquidation of the entries.

## II.

### IN THE DECISION BELOW THE LOWER COURT HAS FAILED TO ESTABLISH ANY MEANINGFUL DISTINCTION IN THE CONTROLLING FACTS AND LAW IN THIS CASE FROM THOSE IN THE *CEMEX* CASE.

As noted in point I, the lower court did not follow the decision in *Cemex* in *Home Products I* because it could not "understand the logic or rationale" of the decision and found it "difficult to understand the conclusion" of this Court. 405 F. Supp. at 1377. As a result, the lower court refused to follow the decision in *Cemex*. In the decision below in this case, the CIT tried to justify the earlier rejection of *Cemex*, by distinguishing irrelevant underlying facts in this case from those in *Cemex*.

The main purported distinction relied upon below is the fact that Target did not participate in the administrative proceedings that led to the final determination by Commerce. Appx4-6. That is a distinction without a difference and has no impact at all on 19 U.S.C. § 1504(d) and 19 U.S.C. § 1514(a). The CIT then went on to make the fundamentally erroneous conclusion that "Target, as the importer of 40 of the

12

entries of the subject merchandise, was fundamentally and fully protected by the advocacy of its supplier – the foreign manufacturer exporter, Since Hardware – throughout the administrative process as well as in the follow up litigation. Appx6. The lower court compounded this error by finding that "Target's rights were fully protected by the foreign manufacturer/exporter in the matter before Commerce and the court. . . ."

There would have been no reason for Target to participate in the administrative proceedings because Since Hardware had stipulated to the final order by Commerce and was not the subject of the untimely and illegal reliquidation of the entries. The burden of the assessment of antidumping duties is borne only by the importer, in this case, Target, and not the exporter. Arguably, Since Hardware would have no standing to challenge the assessment nor any reason to do so by virtue of Since Hardware's stipulation. Target, on the other hand as noted by the CIT in *Home Products I*, "as an importer of record has an obvious direct interest in the court's enforcement of the judgment because its entries are among those that may be reliquidated and, Target, as the importer of record, is therefore best positioned to advocate for the finality of the existing liquidations." 405 F. Supp. at 1374. Under these circumstances it was an abuse of discretion to deny intervention by Target in view of the non-participation by Since Hardware. Target did not participate in the administrative proceedings and subsequent litigation that led to the order to

13

reliquidate on October 27, 2017, because that was a dispute between a domestic manufacturer and a foreign manufacturer/exporter. The importer in an antidumping proceeding is, to some extent, a pawn in the action. The importer is at the mercy of an exporter-intervenor, such as Since Hardware, to defend against the antidumping complaint since the exporter is uniquely in a position and is in possession of the necessary information to mount such a defense. However, the antidumping laws penalize the importer, since the exporter is beyond reach and would not be subject to an antidumping duty assessment. The only way for a domestic petitioner to discourage the exporter from dumping is to penalize the importer with dumping duties that cannot be reimbursed by the exporter. The importers' interests are only indirectly protected in a defense by the exporter to an antidumping complaint, and in this case, the exporter made no defense and stipulated to the higher rate of 72.79%. Target's rights were not protected by Since Hardware, but rather were harmed by its vendor-exporter.

The CIT continued with its irrelevant distinctions of *Cemex* by focusing on the time periods that elapsed before challenges to the reliquidations were made in *Home Products I* and *Cemex*. Appx12-13. The time periods involved in making the challenge have nothing to do with the fact that the liquidations became final and conclusive by operation of law under section 1514(a). And finally, the lower court distinguished the decision in *Cemex* because the liquidations in this case were

14

"deemed" liquidations whereas *Cemex* "involved <u>actual</u> liquidations, not "<u>deemed</u>"

liquidations. . . ." Appx13-14. That irrelevant distinction is, on its face, in conflict

with the decision in *Cemex*. In *Cemex*, this Court agreed with the CIT "that Customs'

decision to acknowledge that liquidation, <u>deemed or otherwise</u>, had occurred falls

within the purview of section 1514(a) and is therefore, 'final and conclusive upon

**all** persons'. . . ." 384 F. 3d at 1323. [Emphasis added in part.] How a case gets to

final liquidation administratively is utterly irrelevant to whether that liquidation

becomes final. The question is, was the liquidation legally operative, as it was under

section 1504(d), and whether it was final and conclusive under section 1514(a). If it

was, that's the end of the inquiry.

There is no question that the CIT has powers in equity as well as powers in

law. Among other things, equity gives the lower court the power to enforce its

judgment in a way that is <u>consistent with the law.</u> But it absolutely does not give the

court power to use its equitable powers to <u>disregard the law</u>. The court's equitable

powers could not be used to overrule the statute and the precedent set by this Court

in the *Cemex* case. That would be an abuse of equitable power as it was in the final

order by the CIT.

To repeat, a court can use its equitable powers to enforce the law; it cannot

use those powers to disregard the law. As stated by the Supreme court in *Mertens v.*

*Hewitt*, 508 U.S.C. 248, 255 (1993), "the term 'equitable' can assuredly mean

whatever relief a court of equity is empowered to provide in the particular case at issue." In this case, the CIT properly exercised its equitable powers in staying the final order while considering Target's motions. But the court's equitable powers do not exist in an unlimited vacuum and must be grounded "in the particular case at issue." *Id*. In this case, that grounding is the limitations of sections 1501, 1504(d) and 1514(a). It cannot use its equitable powers to disregard or nullify those provisions and their finality as provided for by Congress and as enforced by the decision of this Court in *Cemex*.

For these reasons, the CIT committed reversible error in ordering the reliquidation of the entries when it had no equitable and legal authority to do so. Very simply, the trial court ignored the finality of liquidation in 19 U.S.C. § 1514(a) and the decision of this Court confirming that finality.

### III.

### THE DECISION TO DISMISS THIS ACTION FOR FAILURE TO STATE A CLAIM IS CONTRARY TO THE DECISION IN *HOME PRODUCTS II*.

Target submits that the lower court was incorrect in finding that the claim made by Target is one upon which relief may not be granted. The issue in this case is not whether the court can grant the relief requested; it can. The issue is whether the court should. In an action under 28 U.S.C. § 1581(a), the claim for relief sought by appellant herein, the reliquidation of the entries with a refund of duty with interest

16

as provided by law, is the quintessential form of relief that can be granted under that statute. For this reason alone, the lower court erred in dismissing the action "for failure to state a claim." Appx19.

Furthermore, the decision to dismiss the case is completely contrary to the decision of this Court in *Home Products II*. This is especially puzzling because the lower court quoted the very language of this Court in *Home Products II* which established, under the facts in this case, that the claim is actionable under 19 U.S.C. § 1514(a). Appx8. Therein, this Court stated as follows:

> Finally, it is undisputed that Target has another, statutorily prescribed, path to regress its grievance without resort to a nonparty appeal. Target has, in fact, followed that path. Upon reliquidation of the subject entries, Target protested Customs' actions pursuant to 19 U.S.C. § 1514. Target's Opening Br. 20. If Customs denies Target's protest, Target will be able to commence an action in the CIT challenging that decision. See, 28 U.S.C. §§ 1581(a), 2637(a). And, if the CIT resolves that case adversely to Target, Target, as a party to the CIT action, will be able to seek review in this court. See, 28 U.S.C. § 1295(a)(5). [Emphasis added.]

Target followed the very path which this Court said it was entitled to. It is incomprehensible how the lower court could ignore this language and find that Target failed to file an actionable claim. Target filed a protest under section 1514. Customs denied the protest. Target filed an action under 28 U.S.C. § 1581(a) challenging the decision to deny the protest. The CIT resolved the case adversely to Target. Target then sought review in this Court with this appeal. It is clear that a motion to dismiss for failure to state a claim is appropriate when plaintiff's

17

allegations do not entitle it to a remedy, *United Pacific Insurance Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006). But plaintiff followed the guidance of this Court in *Home Products II*, and under that decision, plaintiff clearly has a remedy under 19 U.S.C. § 1514(a) and 28 U.S.C. § 1581(a).

Finally, we must observe that the motion to dismiss for failure to state a claim prior to answer was not a proper motion. To achieve its objective, the government should have filed either a motion for judgment on the pleadings or for summary judgment after filing an answer. However, we believe that the CIT could decide the case on this Motion because the unique history and posture of the case made it appropriate for disposition on the merits without further delay. However, that disposition dismissing the case for failure to state a claim is clearly in error for the reasons set forth above.

## CONCLUSION

For all of the foregoing reasons, the decision ordering the reliquidation of the entries should be reversed and the case remanded to the CIT to order a refund of the

additional antidumping duties illegally collected, with interest as provided by law.

Respectfully submitted,

SANDLER, TRAVIS & ROSENBERG, P.A.
*Attorneys for Appellant*
675 Third Avenue, Suite 1805-06
New York, NY 10017
212-549-0156

By: /s/Patrick D. Gill
        Patrick D. Gill

Dated:   October 3, 2023
          New York, New York

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type face and type style requirements of the Federal Rules of Appellate Procedure 27(d)(1)(E).

I also certify that the brief complies with the type-volume limitations of Federal Circuit Rule 27(b) and Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,718 words.

Dated: <u>10/3/2023</u>                    <u>/s/  Patrick D. Gill</u>
                                      Patrick D. Gill

**APPENDIX**

# TABLE OF CONTENTS

Opinion of The Honorable Leo M. Gordon,
    dated July 20, 2003 ........................................................Appx1

Judgment of The Honorable Leo M. Gordon,
    dated July 20, 2003 .......................................................Appx19

Docket Entries .........................................................Appx20

Protest ...................................................................Appx23

Complaint...............................................................Appx25

Slip Op. 23-106

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TARGET CORPORATION,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>               Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 21-00162 |

## <u>OPINION</u>

[Defendant's USCIT Rule 12(b)(6) motion to dismiss for failure to state a claim granted.]

Dated: July 20, 2023

     <u>Patrick D. Gill</u>, Sandler, Travis & Rosenberg, P.A. of New York, N.Y., for Plaintiff Target Corporation.

     <u>Alexander Vanderweide</u>, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of New York, N.Y., for Defendant United States. With him on the briefs were <u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney General; <u>Patricia M. McCarthy</u>, Director; and <u>Justin R. Miller</u>, Attorney-in-Charge. Of counsel was <u>Edward N. Maurer</u>, Deputy Assistant Chief Counsel, International Trade Litigation, U.S. Customs & Border Protection, of New York, N.Y.

     Gordon, Judge: This action involves a challenge by Plaintiff Target Corporation ("Plaintiff" or "Target") of the denial of its protest of the reliquidation by U.S. Customs and Border Protection ("Customs") of 40 entries that Customs originally liquidated at the incorrect antidumping duty rate.  <u>See</u> Compl., ECF No. 6; <u>see also</u> Court No. 07-00123, ECF No. 168 (Dec. 8, 2016) ("Judgment"); Court No. 07-00123, ECF No. 172 (Oct. 27, 2017) ("Initial Order of Reliquidation"); <u>Home Prods. Int'l, Inc. v. United States</u>, 43 CIT ___, 405 F. Supp. 3d 1368 (2019) ("<u>Home Products I</u>").  The court has jurisdiction pursuant to 28 U.S.C. § 1581(a), as compared to 28 U.S.C. § 1581(c) for Court No.

07-00123, the precursor of this action.  Before the court is Defendant's USCIT Rule 12(b)(6) motion to dismiss for failure to state a claim.  See Def.'s Mot. to Dismiss for Failure to State a Claim, ECF No. 8 ("Def.'s Mot."); Pl.'s Resp. to Mot. to Dismiss, ECF No. 10 ("Pl.'s Resp."); Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 11 ("Def.'s Reply"); see also USCIT R. 12(b)(6).

## I. Background

This action follows Target's unsuccessful attempt to challenge the reliquidation of the subject entries that was ordered in Court No. 07-00123.  See Court No. 07-00123, Initial Order of Reliquidation; Home Products I.  In that matter, the court entered judgment pursuant to a stipulation of settlement that established an antidumping duty margin of 72.29% for the first administrative review of imports of metal-top iron tables from China ("subject merchandise") and manufactured/exported by Since Hardware (Guangzhou) Co., Ltd. ("Since Hardware").  See Court No. 07-00123, Judgment, ECF No. 168 (Dec. 8, 2016) ("Judgment").

In March 2017, several months after the entry of the Judgment, the Government learned that Customs had erroneously liquidated 242 entries of the subject merchandise, including Target's 40 entries, at the original cash deposit antidumping duty rate of 9.47% instead of the 72.29% rate set forth in the Judgment.[1]  The Government then sought an

---

[1] The Judgment had ordered "that the injunction enjoining liquidation of the subject merchandise in this action, see Home Products International, Inc. v. United States, Court No. 07-00123 (CIT Apr. 18, 2007), ECF No. 11 (prelim. inj. order) shall be dissolved, and the covered entries liquidated in accordance with this entry of judgment."  Judgment. The Judgment directed that the covered entries "produced or exported by Since Hardware" were to be liquidated at a rate of 72.29 percent.  Id.

order directing Customs to reliquidate the 242 entries, since the 90-day window for
voluntarily reliquidation by Customs under 19 U.S.C. § 1501 had expired.  See Court
No. 07-00123, Status Report, ECF No. 171 (Oct. 20, 2017).  Home Products International,
Inc. ("Home Products"), Plaintiff in Court No. 07-00123, joined in the Government's
motion.  As an "affected domestic producer" under the Continued Dumping and Subsidy
Offset Act of 2000 ("CDSOA"), 19 U.S.C. § 1675,[2] Home Products stood to lose
considerable compensation from the antidumping duties to be collected and distributed
to it under the CDSOA unless the erroneous liquidations were corrected.

In the absence of any objection at the time, and consistent with its inherent power
as an Article III court and the obligation to enforce its own judgments, the court entered
an order directing reliquidation at the 72.29% rate reflected in the Judgment.  See Initial
Order of Reliquidation; see also Def.'s Mot. at 3.  Shortly thereafter, Target became aware
of the court-ordered reliquidation and contested its lawfulness.  Target then filed motions
to intervene under USCIT Rule 24(a) (intervention as of right) and Rule 24(b) (permissive
intervention), to reconsider, and to vacate the Initial Order of Reliquidation.  See Court
No. 07-00123, ECF Nos. 173 (intervention), 176 (reconsideration), 177 (vacation).

Subsequently, the court stayed implementation of the Initial Order of Reliquidation
and re-postured the post-judgment relief sought by the Government and Home Products
as a supplemental proceeding to enforce the Judgment under USCIT Rule 71.  See Court
No. 07-00123, Order Issuing Stay Pending Disposition of Target's Motions, ECF No. 188

---

[2] Also known as the Byrd Amendment, the CDSOA was enacted in October 2000 and
repealed in February 2006.

(Dec. 22, 2017).  In disposing of Target's multiple requests for relief, this Court addressed the unusual circumstances before it by providing a comprehensive overview of the matter's procedural posture, the erroneous liquidations by Customs, the powers of the U.S. Court of International Trade, how the finality of liquidation operates in traditional customs duty cases, and how finality operates in the international trade context (i.e., antidumping and countervailing duties), focusing on the court's power and authority to correct liquidations not in accordance with a court order or judgment.  See generally Home Products I.

The following provides context for understanding the unique facts that gave rise to this action.  Though it was a purchaser/importer of the subject merchandise from Since Hardware, Target chose not to participate in the underlying administrative review and subsequent § 1581(c) litigation, Court No.07-00123.  As Target was not a party to the administrative proceeding below, it had not perfected a right to intervene in Court No. 07-00123.  Target, therefore, could not challenge the merits of the litigation that led to the Judgment.  See 28 U.S.C. § 2631(j)(1)(B) ("in a civil action under section 516A of the Tariff Act of 1930, only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right"); USCIT Rule 24(a)(1).  Additionally, while USCIT Rule 24(b)(1) provides for permissive intervention by any person who is "given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact," that form of intervention is not available in § 1581(c) litigation.  See, e.g., Ontario Forest Indus. Assoc. v. United States, 30 CIT 1117, 1130

n.12, 444 F. Supp. 2d 1309, 1322 n.12 (2006) ("The court notes that here jurisdiction is founded under 28 U.S.C. § 1581(i).   Section 2631(j) of Title 28 allows permissive intervention in such suits.  In contrast, under 28 U.S.C. § 1581(c), intervention may only be sought as a matter of right. See 28 U.S.C. § 2631(j)(B)."); see also Dofasco Inc. v. United States, 31 CIT 1592, 1594–95, 519 F. Supp. 2d 1284, 1286–87 (2007) (collecting cases explaining unavailability of permissive intervention under 28 U.S.C. § 1581(c)).

Whether Target could have earlier sought interested party status and participated throughout the lengthy and expensive administrative process before the U.S. Department of Commerce ("Commerce") is a moot point.  Cf. U.S. Magnesium LLC v. United States, 31 CIT 792, 793 (2007) ("While it may be true that TMI could have sought intervention of right earlier in this matter or initiated its own action to contest the Final Results, given the statutory scheme and this Court's rules and jurisprudence, the court cannot now see how TMI may, pursuant to USCIT Rule 24(b), permissively intervene in this matter." (internal citations omitted)).  In the final analysis, Target, as the importer of 40 of the entries of the subject merchandise, was fundamentally and fully protected by the advocacy of its supplier—the foreign manufacturer/exporter, Since Hardware— throughout the administrative process as well as in the follow-on litigation, Court No. 07-00123.

Regarding Target's post-judgment attempt to intervene in Court No. 07-00123, the court explained that USCIT Rule 24 and 28 U.S.C. § 2631(j) were inapplicable in these circumstances because these provisions appertain to intervention by a litigant who was a party to the administrative proceeding below, which Target was not.  Again,

as Target's rights were fully protected by the foreign manufacturer/exporter in the matter before Commerce and the court, Target had no reason or incentive to intervene in the case-in-chief in Court No. 07-00123.[3]  Target's "rights" arose only upon the issuance of the Initial Order of Reliquidation.

As neither Target nor Customs were parties to Court No. 17-00123, and due to the potential impact on Target's entries of the post-judgment relief sought by the Government and Home Products, the court addressed Target's opposition to the Initial Order of Reliquidation and its various motions through the vehicle of USCIT Rule 71. See USCIT R. 71 ("When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party."). The objections raised by Target were thus considered in the context of that separate, supplemental, post-judgment proceeding—a proceeding that was grounded in equity, specifically focused on the power and authority of the U.S. Court of International Trade to enforce its own judgment.

In considering Target's objections, the court balanced the various factors involved, including the timeline relating to the discovery in August 2017 of the erroneous liquidations that occurred in March 2017, and the relative alacrity with which the Government and Home Products sought reliquidation once they discovered the problem.  Home Products I, 43 CIT at ___, 405 F. Supp. 3d at 1375–77; cf. Cemex,

---

[3] As the U.S. Court of Appeals for the Federal Circuit ("CAFC" or "Court of Appeals") observed, the net effect of granting Target relief would be to preserve a "windfall from Customs' failure to properly implement a court order."  Home Products Int'l, Inc. v. United States, 846 F. App'x 890, 895 n.1 (Fed. Cir. 2021) ("Home Products II").

S.A. v. United States, 384 F.3d 1314, 1325 (Fed. Cir. 2004) ("Cemex") ("Ad Hoc should have moved the Court of International Trade to enforce the judgment in 1998, rather than in 2003").  As a result, the court determined that it had the authority to order reliquidation and issued an affirmative injunction ("Final Order of Reliquidation") that, inter alia, vacated and superseded the Initial Order of Reliquidation.  Home Products I, 43 CIT at ___, 405 F. Supp. 3d at 1378.  It also directed Customs to promptly reliquidate the subject entries in conformity with the Judgment, and denied as moot Target's motions to intervene and to stay implementation of, and to reconsider and vacate, the Initial Order of Reliquidation. Id.

Target then appealed Home Products I.  See Court No. 07-00123, Docketing of CAFC Appeal No. 2020-1202, ECF No. 206 ("Appeal").  In the period between the issuance of Home Products I and the filing of the Appeal, Customs reliquidated all 242 entries, including Target's 40 entries, consistent with this Court's December 8, 2016 Judgment.  See Def.'s Mot at 5.  Target paid the reliquidated amounts and filed Protest No. 1401-20-102470 ("Protest") against the reliquidations.  See Compl. ¶¶ 1, 7.  In view of the Appeal, Customs suspended consideration of the Protest.  See id. ¶ 26.

On appeal, both Target and the Government agreed that Target had not satisfied the requirements for intervention as of right pursuant to 28 U.S.C. § 2631(j)(1)(B). However, they urged the Court of Appeals to consider that Target should fall into the "unique interest" exception to the rule against non-party appeals, so the court could reach Target's arguments regarding the Final Order of Reliquidation.  See Home Products II, 846 F. App'x at 893–94.  The Court of Appeals did not agree.  Id. at 894.

After examining the various formulations of the unique interest exception, the Court of Appeals applied the following test: (1) whether the non-party participated in the proceedings below; (2) whether the non-party has a personal stake in the outcome; (3) whether the equities favor hearing the appeal; and (4) whether the non-party has an alternative path to appellate review of the decision. Id. The court found that Target satisfied the first two factors but not the last two:

> Target's nonparty appeal is in tension with the <u>ordinary process of intervention</u>. . . . Target effectively asks that we ignore that it sought intervention and skip directly to considering this case as a nonparty appeal. We decline to do so. To ensure that the exceptions to the rule against nonparty appeals remain narrow, we conclude that <u>equity required Target, whose motion to intervene was denied, to appeal and contest the denial of intervention</u>. As Target failed to follow that procedure and does not meaningfully defend that choice, we conclude that the equities do not favor allowing Target's nonparty appeal.[ ]

> Finally, it is undisputed that Target has another, statutorily prescribed, path to redress its grievance without resort to a nonparty appeal. Target has, in fact, followed that path. Upon reliquidation of the subject entries, Target protested Customs' actions pursuant to 19 U.S.C. § 1514. Target's Opening Br. 20. If Customs denies Target's protest, Target will be able to commence an action in the CIT challenging that decision. <u>See</u> 28 U.S.C. §§ 1581(a), 2637(a). And, if the CIT resolves that case adversely to Target, Target, as a party to the CIT action, will be able to seek review in this court. <u>See</u> 28 U.S.C. § 1295(a)(5).

> Target contends that requiring it to continue down that path will be a waste of resources, given the amount of time the proceeding will take and the fact that it "is inevitable a new case will land right back with this Court." Target's Suppl. Br. 8. While we recognize some inefficiency in that process, it is a problem of Target's own creation. Target, although a nonparty, chose to involve itself at the tail-end of this CIT proceeding. Its involvement resulted in an additional

> two years of litigation before the CIT and over a year pending appeal in this court. Had Target chosen to follow the procedure prescribed by statute, such that reliquidation would have occurred in November 2017, Target may well have reached the point of appeal in its own case. Target's choice to risk a dead-end road, rather than follow the clear path laid out by statute, does not create an exceptional circumstance warranting nonparty appeal.

Id. at 895 (footnote omitted, emphasis added). As a consequence, the Court of Appeals dismissed Target's appeal in its entirety, thereby concluding the Home Products litigation. Customs then proceeded to consider, and ultimately deny, Target's protest. Compl. ¶ 27; Protest. Target then commenced this action seeking judicial review of the denial of its protest.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy. See United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327 (Fed. Cir. 2006) (citation omitted). The motion "tests the legal sufficiency of a complaint," Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002), which must be dismissed if it fails to present a legally cognizable right of action. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff's factual allegations must be "enough to raise a right to relief above a speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Dismissal is required when a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "In deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw

all reasonable inferences in favor of the claimant," Kellogg Brown & Root Servs., Inc. v.

United States, 728 F.3d 1348, 1365 (Fed. Cir. 2013), but it need not accept legal

conclusions contained in the same allegations.  Twombly, 550 U.S. at 555.

### III. Discussion

### A. Dispositional Path

As an initial matter, the court addresses the issue of the proper procedural vehicle

for disposing of this action.  Defendant argues that Target's claims reappear under

the jurisdictional guise of 28 U.S.C. § 1581(a) without altering any of Target's arguments

raised in the supplemental post-judgment proceeding in Court No. 07-00123.  Def.'s Mot.

at 1.  Defendant further contends that Plaintiff's complaint "consists of legal arguments,

all of which have been considered and rejected by the [c]ourt in Home Products[ I]."  Id.

Therefore, in Defendant's view, "Target's complaint should be dismissed for failure to

state a claim upon which relief can be granted."  Id.  Target disagrees, contending that it

is entitled to relief, and that the merits can be resolved by treating Defendant's

Rule 12(b)(6) motion as a motion for summary judgment or a motion for judgment on the

pleadings.  See Pl.'s Resp. at 2 n.1 ("While a motion for judgment on the pleadings or a

motion for summary judgment should be filed after answer, an answer to the factual

allegations of the complaint in this case would be unnecessary. … [Plaintiff] submit[s] that

the Court should treat the instant motion as a motion for judgment on the pleadings or for

summary judgment, proceed to decide the case on the merits, and waive the defects in

the filing of the dispositive motion nunc pro tunc.  Under Rule 1 of the Rules of the Court,

the 'rules should be construed, administered and employed by the court and the parties

to secure the just, speedy and inexpensive determination of every action and proceeding.'").  Target also maintains that filing of an answer is unnecessary because Defendant's motion does not contest the factual allegations of the complaint.  Id.

For the court to convert a motion to dismiss for failure to state a claim into a summary judgment motion, certain circumstances must exist—namely whether a party presented matters outside the pleading that were not excluded by the court. USCIT R. 12(b)(6); see also Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366 (3d ed. 2023).  When those circumstances are present, the court is to convert the Rule 12(b)(6) motion to a motion for summary judgment.  Id.  As neither party refers to matters outside of the complaint, those circumstances are not present.  Similarly, the pleadings are not closed as Defendant has yet to file an answer.  Accordingly, circumstances are not present that call for the conversion of Defendant's motion to a motion for judgment on the pleadings.  USCIT R. 12(c); 5C Fed. Prac. & Proc. Civ. § 1366.

As the parties acknowledge, this action presents a unique set of facts and circumstances.  The parties further agree that the complaint presents no dispute about the material facts of this action, but merely a pure question of law, i.e., the legal conclusions to be drawn from the governing legal authorities.  These questions of law— the authority of the Court of International Trade to order reliquidation considered in conjunction with certain statutory provisions, including 19 U.S.C. § 1501 (reliquidation), as well as finality and the applicability of Cemex—are resolvable under Rule 12(b)(6). See Yanko v. United States, 869 F.3d 1328, 1331 (Fed. Cir. 2017) (treating as "pure legal issue of statutory interpretation" claim based on interpretation of statutory provision and

related executive order).  Thus, "the sufficiency of the complaint is the question on the merits, and there is no real distinction in this context between the question presented on a 12(b)(6) motion and a motion for summary judgment."  Marshall Cty. Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993).  Accordingly, the court agrees with Defendant that Rule 12(b)(6) is the proper procedural vehicle for resolving this action.

### B. Merits Analysis

Target claims the Final Order of Reliquidation is ultra vires, illegal, null and void, as well as contrary to the guidance of the Court of Appeals in Cemex.  Compl. ¶¶ 29, 30. It argues that the Court of International Trade "cannot use its equitable powers to ignore a statutory prohibition" or "ignore the binding precedent of the CAFC in Cemex." Id. ¶¶ 37, 38.  Target maintains that "[a]s in this action, there was no question in Cemex that the entries were deemed liquidated improperly under 19 U.S.C. § 1504(d), and there was no reliquidation of the deemed liquidation within the 90-day period permitted under 19 U.S.C. § 1501."  Id. ¶ 35.  "In Cemex, the CAFC unanimously affirmed the decision of this [c]ourt denying the domestic producers' motion to reliquidate and holding that the liquidation became 'final and conclusive upon all persons' under 19 U.S.C. § 1514.  384 F.3d at 1315–316."  Id. ¶ 36.

Target argues that Cemex controls the result here, going so far as to declare that "Cemex is on all fours with this case."  Pl.'s Resp. at 16.  Target's argument is unavailing as the court has already made clear its view of Cemex regarding the facts that gave rise to the supplemental post-judgment proceedings in Court No. 07-00123, and why Cemex was distinguishable in that context.  See Home Products I, 43 CIT at ___, 405 F. Supp. 3d

at 1376–77.  Beyond this general reliance on <u>Cemex</u>, Target appears to acknowledge that its arguments here amount to little more than the "unenviable task of requesting a judge to reverse his own decision."  Pl.'s Resp. at 2.  For the reasons set forth in <u>Home Products I</u> as well as this opinion, the court remains unpersuaded by Target's arguments.

As the court previously observed, when considering "what most likely tips the balance in one direction or the other is how quickly the party with an interest in a judgment moved to assert their rights once they <u>knew</u> or <u>should have known</u> about the error."  <u>Home Products I</u>, 43 CIT at ___, 405 F. Supp. 3d at 1374.  The belated actions of the domestic industry in <u>Cemex</u> are simply not comparable to those of the domestic industry plaintiff in <u>Home Products I</u>.  In <u>Cemex</u>, Customs did not liquidate pursuant to Commerce's instructions, which were issued in March 1998.  Those instructions were premature, and issued prior to the expiration of the 90-day certiorari period for appeal to the U.S. Supreme Court, which had the effect of lifting the court-ordered suspension of liquidation.  But that was immaterial, as the entries were "deemed liquidated" in September 1998, a discovery the domestic industry did not pursue or learn of until 2002, some four years later.  Critically, unlike the circumstances here, <u>Cemex</u> did not involve a violation of an affirmative injunction or a judgment.  There was "merely" a failure by Customs to follow instructions from Commerce that went undiscovered for years, rather than the passage of a few months addressed by the supplemental post-judgment proceedings in Court No. 07-00123.

The court notes that Target often refers to the erroneous liquidations at issue here as "deemed" liquidations under 19 U.S.C. § 1504(d).  However, <u>Home Products I</u> only

involved <u>actual</u> liquidations, not <u>deemed</u> liquidations as in <u>Cemex</u>.  <u>See</u> Court No. 07-00123, Status Report, ECF No. 171 (explaining that "Customs recently realized that … it misapplied the liquidation instructions. … [Specifically, Customs had liquidated several entries in violation of this Court's judgment], at the lower cash deposit rate," and further noting that "[u]nsurprisingly, no importers have filed protests against the erroneous liquidations at a lower rate").  Therefore, Plaintiff's arguments regarding deemed liquidations under § 1504(d) are without merit.

In the end, Plaintiff's reliance on <u>Cemex</u> is simply misplaced.  Reading <u>Cemex</u> as broadly as Plaintiff suggests would elevate the principle of finality found in § 1514 over the inherent power of the Court of International Trade under Article III of the United States Constitution.  To do so would render this Court powerless to enforce its orders and judgments. <u>Home Products I</u>, 43 CIT at ___, 403 F. Supp. 3d at 1377; <u>see also</u> <u>Allegheny Bradford Corp. v. United States</u>, 28 CIT 603, 608 n.4, 342 F. Supp. 2d 1162, 1166 n.4 (2004) ("Section 1514(b), in relevant part, prevents certain determinations of Customs from becoming final when an action is commenced with this Court. Section 1514(b) was enacted in 1979, before the Court had power to enjoin liquidation pursuant to § 1516a(c). Because the injunction power allows the Court to protect an importer from liquidations that might otherwise become final and unreviewable, '§ 1514(b) seems somewhat redundant.'  The court finds it unreasonable to construe § 1514(b)–a statutory provision with an ambiguous purpose–to preclude review of the improper liquidations and thereby frustrate the intent of an injunction order granted pursuant to § 1516a(c), a provision with

the clear purpose of providing temporary protection to parties who contest agency determinations." (internal citations omitted)).

Target also contends that 19 U.S.C. § 1501,[4] the 90-day voluntary reliquidation provision, "foreclosed" reliquidation by order of the court. The court again disagrees. That provision merely limits the time within which Customs may act <u>to voluntarily correct its own mistake</u>. Plaintiff points to no language in the statute or its legislative history to support its argument. The statute on its face does not govern the authority of the Court of International Trade to grant relief from an unlawful liquidation derived from its jurisdiction over the entries underlying an action, as well as its inherent powers as an Article III court. <u>See</u> <u>Home Products I</u>, 43 CIT at \_\_\_, 405 F. Supp. 3d 1373–74, 1376-77; <u>see also</u> 28 U.S.C. § 1585; 28 U.S.C. § 2643; <u>Allegheny Bradford Corp.</u>, 28 CIT at 614-15, 342 F. Supp. 2d at 1171 ("To remedy liquidations that violate a valid court order, the Court 'possesses all the powers in law and equity of, or as conferred by statute upon, a district court of the United States.' This includes the power to grant 'any other form of relief that is appropriate in a civil action.'" (internal citations omitted)); <u>AK Steel Corp v. United States</u>, 27 CIT 1382, 1388, 281 F. Supp. 2d 1318, 1323 (2003) ("Where liquidation occurs through an illegal act of Customs and in the absence of a protestable event, the doctrine of finality cannot be said to attach. To reach any other result would be absurd.").

---

[4] "A liquidation made in accordance with section 1500 or 1504 of this title or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by U.S. Customs and Border Protection, notwithstanding the filing of a protest, within ninety days from the date of the original liquidation." 19 U.S.C. § 1501.

Court No. 21-00162                                                        Page 16

As the court stated in Home Products I, it was facing "a simple and straightforward issue … whether to enforce its judgment through an affirmative injunction, which the court decides by balancing the proper assessment of antidumping duties with the finality of liquidation." Home Products I, 43 CIT at ___, 403 F. Supp. 3d at 1373 (citing SSAB v. United States, 32 CIT 795, 803, 571 F. Supp. 2d 1347, 1354 (2008)).  Given the facts, the court concluded that "justice require[d] correction of the erroneously liquidated subject entries." Id., 43 CIT at ___, 403 F. Supp. 3d at 1378.  Once again, the court reaches the same conclusion. It is a matter of basic logic and common sense that Court of International Trade (and the Court of Appeals), not Customs, has the "final" say about entries in a trade action.  See 19 U.S.C. § 1516a(e); Home Products I, 43 CIT at ___, 403 F. Supp. 3d at 1373 ("When Customs liquidates an entry, the finality considerations of § 1514 always lurk in the background except when the Court of International Trade takes jurisdiction over the entries in an action under § 1516a.  See 19 U.S.C. § 1514(b). This is a logical and necessary carve-out from § 1514 because such entries need to be liquidated in accordance with 'the final court decision' pursuant to § 1516a(e), meaning the court, not Customs, necessarily has the final say over the entries.").

Target also relies on certain language from the dissent in In re Section 301 Cases, 45 CIT ___, ___, 524 F. Supp. 3d 1355, 1374 (2021) for support.  See Pl.'s Resp. at 19, 21.  To the extent Target attempts to use that discussion as another attack on the court's prior decision in Court No. 07-00123, the discussion taken as a whole does not undermine, but rather supports, the analysis set forth in Home Products I.  It is consistent with this Court's view of its duty and statutory authority when confronting enforcement of

its own judgments.  See In re Section 301 Cases, 45 CIT at ___, 524 F. Supp. 3d at 1382

("In light of the CIT's broad remedial authority, the court asked the Parties to identify any

cases in which 'the Federal Circuit found that the CIT erred in its exercise of discretion as

to appropriate relief.' . . .  None of the identified cases suggest that the court would

overstep its authority to order reliquidation to prevailing Plaintiffs in this case.").

The statutory scheme states plainly and unequivocally that this Court has all

powers in law and equity that are conferred on all Article III courts under the Constitution.

See 28 U.S.C. § 1585; 28 U.S.C. § 2643.  Were Target to prevail—namely, have this

Court hold that it lacks the power to enforce its own judgment—such a conclusion would

turn the clock back over 40 years to before the passage of the Customs Courts Act of

1980, and again call into question whether a party before the Court could obtain full and

complete relief.  See H.R. Rep. No. 96-1235, at 19–20 (1980), reprinted in 1980

U.S.C.C.A.N. 3729, 3730–31 (explaining one purpose of Customs Courts Act of 1980 as

providing U.S. Court of International Trade with "all the necessary remedial powers in law

and equity possessed by other federal courts established under Article III of the

Constitution." (emphasis added)).  This the court cannot and will not do.

Court No. 21-00162                                                    Page 18

### IV. Conclusion

For the foregoing reasons, the court will grant Defendant's Rule 12(b)(6) motion to

dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.


                                        /s/ Leo M. Gordon
                              _____
                                      Judge Leo M. Gordon


Dated: July 20, 2023
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

TARGET CORPORATION,

Plaintiff,

v.

UNITED STATES,

Defendant.

Before: Leo M. Gordon, Judge

Court No. 21-00162

**<u>JUDGMENT</u>**

This action having been submitted for decision, and the court, after due deliberation,

having rendered an opinion; now in conformity with that opinion, it is hereby

**ORDERED** that the Defendant's USCIT Rule 12(b)(6) motion to dismiss for failure

to state a claim is granted; and it is further

**ORDERED** that the action is dismissed.

/s/ Leo M. Gordon
Judge Leo M. Gordon

Dated: July 20, 2023
New York, New York

CM/ECF

- [Civil](#)
- [Query](#)
- [Reports](#)
- [Utilities](#)
- [Search](#)
- Help
- [Log Out](#)

APPEAL,TERMINATED

### U.S. Court of International Trade
### LIVE Database (New York)
### CIT DOCKET FOR CASE #: [1:21-cv-00162-LMG](#)

Target Corporation v. United States
**Assigned to:** Leo M. Gordon
**Lead Docket:**

| | |
|---|---|
| **Jurisdiction:** | **Date Filed:** 04/15/2021 |
| 28USC § 1581(a) Denied Protest(s) | **Jury Demand:** No |

**Category:**
Liquidation/Reliquidation 19USC § 1514(a)(5)

**Date Terminated:** 07/20/2023

**Date Reopened:**

**Agency:**
U.S. Customs and Border Protection

**Does this action raise an issue of constitutionality?:** N

**Product Description:**
Metal Top Ironing Tables

**Export Country:**
China

**Plaintiff**

**Target Corporation**      represented by    **Patrick David Gill**
Sandler, Travis & Rosenberg, PA
675 Third Avenue
Suite 1805-06
New York, NY 10017
(212) 549-0156
Fax: (212) 883-0068
Email: [pgill@strtrade.com](mailto:pgill@strtrade.com)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
***Bar Status: ACTIVE***

**Defendant**

**United States**      represented by    **Alexander J. Vanderweide**
U.S. Department of Justice
Commercial Litigation Branch, Civil Division
26 Federal Plaza
Suite 346
New York, NY 10278
(212) 264-0482
Email: [alexander.vanderweide@usdoj.gov](mailto:alexander.vanderweide@usdoj.gov)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Bar Status: ACTIVE*

**Attorney-in-Charge**
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278
(212) 264-9230
Email: civil.itfoecf@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: ACTIVE*

**CBP Assistant Chief Counsel**
U.S. Department of Homeland Security
International Trade Litigation
U.S. Customs and Border Protection
26 Federal Plaza - Room 258
New York, NY 10278
(212) 264-9271 ext. 102
Fax: (212) 264-1326
Email: gmb.asstchiefcounselitl@cbp.dhs.gov
*ATTORNEY TO BE NOTICED*
***ATTORNEY IN SEALED GROUP***
*Bar Status: ACTIVE*

| Date Filed | # | Select all / clear | Sort Order | Docket Text |
|---|---|---|---|---|
| 04/15/2021 | 1 | ☐ | | Summons . Filed by Patrick David Gill of Sandler, Travis & Rosenberg, PA on behalf of Target Corporation. Protests and entries due by 7/14/2021. (Gill, Patrick) (Entered: 04/15/2021) |
| 04/15/2021 | 2 | ☐ | | Form 5 Information Statement . Filed by Patrick David Gill of Sandler, Travis & Rosenberg, PA on behalf of Target Corporation. (Gill, Patrick) (Entered: 04/15/2021) |
| 04/15/2021 | 3 | ☐ | | Form 13 Corporate Disclosure Statement . Filed by Patrick David Gill of Sandler, Travis & Rosenberg, PA on behalf of Target Corporation. (Gill, Patrick) (Entered: 04/15/2021) |
| 04/15/2021 | 4 | | | Summons served by Clerk's Office upon: Plaintiff, Defendant and U.S. Customs and Border Protection . (Benbow, Troy) (Entered: 04/15/2021) |
| 04/19/2021 | 5 | ☐ | | Form 11 Notice of Appearance . Filed by Alexander J. Vanderweide of U.S. Department of Justice on behalf of United States.(Vanderweide, Alexander) (Entered: 04/19/2021) |
| 04/23/2021 | 6 | ☐ | | Complaint against United States. Answer due by 6/22/2021. Filed by Patrick David Gill of Sandler, Travis & Rosenberg, PA on behalf of Target Corporation.(Gill, Patrick) (Entered: 04/23/2021) |
| 05/27/2021 | 7 | ☐ | | Order entered on 5/27/2021 assigning action to Judge Leo M. Gordon. (Chien, Jason) (Entered: 05/27/2021) |
| 06/22/2021 | 8 | ☐ | | Motion to dismiss case . Response to Dispositive Motion due by 7/27/2021. Filed by Alexander J. Vanderweide of U.S. Department of Justice on behalf of United States. (Vanderweide, Alexander) (Entered: 06/22/2021) |
| 07/13/2021 | 9 | ☐ | | Protests and Entries from the Port of Norfolk, VA . Filed by CBP Assistant Chief Counsel of U.S. Department of Homeland Security on behalf of United States. (Attachments: # 1 Protest # 1401-20-102470)(CBP Assistant Chief Counsel, ) (Entered: 07/13/2021) |
| 07/23/2021 | 10 | ☐ | | Response to motion *to dismiss* (related document(s) 8 ). Replies due by 8/13/2021. Filed by Patrick David Gill of Sandler, Travis & Rosenberg, PA on behalf of Target Corporation. (Gill, Patrick) (Entered: 07/23/2021) |
| 08/13/2021 | 11 | ☐ | | Reply *to plaintiff's response to defendant's motion to dismiss* (related document(s) 10 ). Filed by Alexander J. Vanderweide of U.S. Department of Justice on behalf of United States.(Vanderweide, Alexander) (Entered: 08/13/2021) |
| 07/20/2023 | 12 | ☐ | | Order entered on 7/20/2023, Slip-Op. 23-106: Defendant's USCIT Rule 12(b)(6) motion to dismiss for failure to state a claim granted. For the foregoing reasons, the court will grant |

| | | | | |
|---|---|---|---|---|
| | | ☐ | | Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. (related document(s) <u>8</u> , <u>10</u> , <u>11</u> ) (Chien, Jason) (Chien, Jason). (Entered: 07/20/2023) |
| 07/20/2023 | <u>13</u> | ☐ | | Judgment entered on 7/20/2023 for Slip-Op. 23-106: This action having been submitted for decision, and the court, after due deliberation, having rendered an opinion; now in conformity with that opinion, it is hereby ORDERED that the Defendant's USCIT Rule 12(b)(6) motion to dismiss for failure to state a claim is granted; and it is further ORDERED that the action is dismissed. (related document(s) <u>12</u> ) (Chien, Jason) (Entered: 07/20/2023) |
| 08/07/2023 | <u>14</u> | ☐ | | Notice of Appeal of Judgment/Order of 7/20/2023 filed. (related document(s) <u>12</u> , <u>13</u> ). Filed by Patrick David Gill of Sandler, Travis & Rosenberg, PA on behalf of Target Corporation.(Gill, Patrick) (Entered: 08/07/2023) |
| 08/11/2023 | <u>15</u> | ☐ | | *Plaintiff's* Appeal of *Slip-Op. 23-106 and Judgment* docketed on 8/11/2023 by the USCAFC as appeal no. 2023-2274 (related document(s) <u>14</u> ). (Taronji, Steve) (Entered: 08/11/2023) |

Footer format:  <pagenum>       ◉ Include full docket sheet        ◉ Include documents in Appendix
(Numbers, letters, spaces, and <pagenum> only)    ○ Include abridged docket sheet   ○ Include document hyperlinks in Appendix

[View Selected]
or
[Download Selected]

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/30/2023 10:07:47 | | |
| **PACER Login:** | PatrickDGill | **Client Code:** | 081388.10102 |
| **Description:** | Docket Report | **Search Criteria:** | 1:21-cv-00162-LMG |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |



## Protest Information:

| | |
|---|---|
| **Protest Number:** | 140120102470 |
| **Protest Status:** | Denied |
| **Protest Process Status:** | Protest Decided |
| **Protest Decision Date:** | 2021-04-13 |
| **Protest Type:** | 514 Protest |
| **Date Received:** | 2020-04-01 |
| **Port Code:** | 1401 |
| **Team Number:** | 008 |
| **Lead Protest Number:** | |
| **Claimed Tariff Number:** | |
| **Denied Claim Number:** | |
| **Accelerated Disposition Requested:** | No |
| **Sample Provided:** | No |

## Issue/Reason for Protest

**Primary Issue:**                    Liquidation/Reliquidation

**Secondary Issue:**

**Reason for Protest:** The 40 entries which are the subject of this protest were erroneously reliquidated by CBP at the direction of the Court of International Trade in its Opinion and Order dated September 27, 2019. The reliquidations occurred outside of the 90 days permitted for voluntary reliquidation under 19 U.S.C. § 1501. As such, the original liquidations became final and conclusive by operation of law under 19 U.S.C. § 1514(a). The reliquidations were also contrary to the decision in Cemex, S.A. v. United States, 384 F. 3d. 1314 (Fed. Cir. 2004).

## Entries

| Entry Summary Number | Additional Protest Filed | Withdrawn |
|---|---|---|
| 23121104577 | N | No |
| H4134146665 | N | No |
| H4134146673 | N | No |
| H4134146657 | N | No |
| H4134142235 | N | No |
| H4134125826 | N | No |
| H4134107717 | N | No |
| H4134101504 | N | No |
| H4134095821 | N | No |
| H4134064140 | N | No |
| H4134020431 | N | No |
| H4128180761 | N | No |
| H4128166331 | N | No |
| 23121572070 | N | No |
| 23121556750 | N | No |
| 23121551686 | N | No |
| 23121529518 | N | No |
| 23121516382 | N | No |

Appx023

| 23121487873 | N | No |
|---|---|---|
| 23121469574 | N | No |
| 23121439478 | N | No |
| 23121399870 | N | No |
| 23121307808 | N | No |
| 23121290848 | N | No |
| 23121290301 | N | No |
| 23121260650 | N | No |
| 23121259553 | N | No |
| 23121257847 | N | No |
| 23121246014 | N | No |
| 23121240215 | N | No |
| 23121234853 | N | No |
| 23121226537 | N | No |
| 23121202017 | N | No |
| 23121184231 | N | No |
| 23121174919 | N | No |
| 23121148004 | N | No |
| 23121134871 | N | No |
| 23121121522 | N | No |
| 23121105483 | N | No |

## Party Information

| | |
|---|---|
| **Importer of Record Number:** | 41-0215170TS |
| **Importer of Record Name:** | TARGET CORPORATION |
| **Importer of Record Address:** | 33 S 6th St Mail Stop CC-3403 Minneapolis MN 55402-3601 US |

| | |
|---|---|
| **Protest Filer Type:** | Importer/Consignee |
| **Protest Filer Number:** | 27-267107400 |
| **Protest Filer Name:** | Target General Merchandise Inc. |
| **Protest Filer Address:** | |

| | |
|---|---|
| **Protestant Type:** | Importer/Consignee |
| **Protestant Number:** | 27-267107400 |
| **Protestant Name:** | Target General Merchandise Inc. |
| **Protestant Address:** | |

| | |
|---|---|
| **Substitute Party Type:** | |
| **Substitute Party Number:** | |
| **Substitute Party Name:** | |
| **Substitute Party Address:** | |

| | |
|---|---|
| **Refund Party:** | 27-267107400 |
| **Refund Party Name:** | TARGET GENERAL MERCHANDISE INC |
| **Refund Party Address:** | 33 S 6th St MAIL STOP CC-3401 MINNEAPOLIS MN 55402-3601 US |

## Decision

Appx024

**Decision:**                                    Denied

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TARGET CORPORATION, | : |
| | : |
| Plaintiff, | :     Court No. 21-00162 |
| | : |
| v. | : |
| | : |
| THE UNITED STATES, | : |
| | : |
| Defendant. | : |

## **COMPLAINT**

Plaintiff, Target Corporation, by and through its counsel, hereby alleges and states as follows:

1.  Plaintiff challenges the denial by U.S. Customs and Border Protection (hereinafter: "CBP") of its Protest Number 1401-20-102470.

2.  This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1581(a), 2637(a).

3.  Plaintiff is the importer of record of the merchandise that is the subject of this action.

4.  Plaintiff is the person who filed the protest pursuant to Section 514 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1514, which was denied under Section 515 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1515, and is covered by this civil action; Plaintiff thus has standing to bring this action pursuant to 28 U.S.C. § 2631(a).

5.  Defendant United States, CBP, is the party that denied the protest contested herein and is the statutory defendant under 28 U.S.C. § 2631(a).

6.  The protest covered by this action was timely filed with CBP at the port of entry which thereafter denied same.

1

7.  All liquidated and reliquidated duties have been paid.

8.  The metal top ironing tables in this case were the subject of a preliminary antidumping determination under which Plaintiff was required to deposit antidumping duties of 9.47%.

9.  This Court directed the Department of Commerce (hereinafter: "Commerce") to assess antidumping duties of 72.9% pursuant to a stipulation of the parties.

10.  On January 5, 2017, Commerce issued instructions to CBP to liquidate the entries at the rate of 72.29%.

11.  CBP did not follow these instructions and the entries which are the subject of this action were deemed liquidated by operation of law under 19 U.S.C. § 1504(d) in March 2017, at the original antidumping duty rate of 9.47% under which the merchandise was entered.

12.  A much larger group of Plaintiff's entries (152) were liquidated at the higher antidumping duty rate of 72.29% in accordance with the instructions from Commerce and Plaintiff paid $11,868,842.77 as a result; those liquidations are not in dispute in this action.

13.  CBP erroneously allowed the liquidation of the entries at issue in this case by operation of law at the lower rate, contrary to the final determination and instructions from Commerce.

14.  Under 19 U.S.C. § 1501, CBP had 90 days in which to reliquidate the entries at the proper rate.

15.  CBP failed to reliquidate the entries within this 90-day period.

16.  The government called this error to the attention of this Court with a so-called "Status Report."

17.  In the "Status Report," the government recognized that it could not reliquidate the entries and was barred from doing so under 19 U.S.C.§ 1514.

2

Appx026

18.  The Court then ordered that the entries be reliquidated at the higher 72.29% rate despite the fact that the time for reliquidation under Section 1501 had expired.

19.  Plaintiff then challenged the lawfulness of what it contended was an untimely reliquidation of its entries with motions to intervene, for reconsideration, and to vacate the order of reliquidation.

20.  The Court stayed its order of reliquidation while it considered Plaintiff's motions.

21.  The Court denied these motions and issued its final judgment ordering the reliquidation. *Home Products International, Inc. v. United States*, 405 F. Supp. 1368 (Ct. Int'l Trade 2019).

22.  The foregoing chronology in paragraphs 8 through 21 is summarized in the opinion of the Court.  405 F. Supp. at 1371.

23. Plaintiff then filed an appeal with the Court of Appeals for the Federal Circuit (hereinafter: "CAFC") as a non-party Movant-Appellant challenging the legality of the reliquidation of its entries as untimely under Section 1501, contending that the deemed liquidations were final and conclusive on all parties under 19 U.S.C. § 1514(a).

24.  On December 21, 2020, after briefing on both the jurisdictional issues and the merits of the appeal and after the case was set for oral argument, the CAFC *sua sponte* requested additional briefing on whether the "appeal should be dismissed as improperly brought by a non-party."

25.  On February 16, 2021, the CAFC issued a nonprecedential opinion dismissing the appeal without considering the merits of the appeal stating:

> Finally, it is undisputed that Target has another, statutorily prescribed, path to redress its grievance without resort to a nonparty appeal.  Target has, in fact, followed that path.  Upon reliquidation of the subject entries, Target protested Customs' actions pursuant to 19 U.S.C. § 1514.  Target's Opening Br.

20.  If Customs denies Target's protest, Target will be able to commence an action in the CIT challenging that decision.  *See* 28 U.S.C. §§ 1581(a), 2637(a). And, if the CIT resolves that case adversely to Target, Target, as a party to the CIT action, will be able to seek review in this court.  *See* 28 U.S.C. § 1295(a)(5).

26.  The protest which Plaintiff filed against the reliquidation was suspended by CBP while the appeal to the CAFC was pending.

27.  After the Order was issued by the CAFC dismissing the appeal, CBP lifted the suspension and denied the protest on April 13, 2021.

28.  After receiving the denial of the protest by CBP, Plaintiff commenced this action on April 15, 2021.

29.  The Order of reliquidation, 405 F. Supp. at 1378, is *ultra vires*, illegal, null and void.

30.  The Order of reliquidation is contrary to the decision of the CAFC in *Cemex, S.A. v. United States*, 384 F. 3d 1314 (Fed. Cir. 2004) and to the decision of this Court from which the appeal was taken, *Cemex, S.A. v. United States*, 279 F. Supp. 2d 1357 (Ct. Int'l Trade 2003).

31.  The decision in *Cemex* is controlling precedent of the CAFC which this Court elected not to follow.

32.  The essential facts which led to the decisions of this Court and the CAFC in the *Cemex* case are indistinguishable from those in this case.

33.  As in this case, the domestic producers in *Cemex* obtained an increase in the amount of antidumping duties from Commerce.

34.  In the *Cemex* case, as in this case, a large group of entries subject to higher antidumping duty was deemed liquidated by CBP as entered at the lower rate initially deposited by the importer.

4

35.  As in this case, there was no question in *Cemex* that the entries were deemed liquidated improperly under 19 U.S.C. § 1504(d), and there was no reliquidation of the deemed liquidation within the 90 days permitted under 19 U.S.C. § 1501.

36.  In *Cemex*, the CAFC unanimously affirmed the decision of this Court denying the domestic producers' motion to reliquidate and holding that the liquidation became "final and conclusive upon all persons" under 19 U.S.C. § 1514.  384 F.3d at 315-316.

37.  The Court cannot use its Article III equitable powers to ignore a statutory prohibition.

38.  The Court cannot use its Article III equitable powers to ignore the binding precedent of the CAFC in *Cemex*.

39.  The Court cannot use its equitable powers to disregard clear and unambiguous statutory restrictions enacted by Congress.

40.  Indeed, the Court recognized the CAFC decision in *Juice Farms, Inc. v. United States*, 68 F.3d 1344, that "finality of liquidation trumps correct antidumping duty assessment rates."  405 F. Supp. 3d 1373; this is not an equitable matter, it is a matter of law.

41.  CBP requested this Court to order an illegal reliquidation of the entries which it recognized was illegal for CBP to do itself.

42.  The fact that the reliquidation was ordered by the Court makes it no less illegal.

WHEREFORE, Plaintiff respectfully submits that the Court should reconsider its decision in *Home Products International, Inc.*, *supra*, and reverse it.  Furthermore, the Court should order a refund of the additional antidumping duties illegally collected with interest as provided by law.

Respectfully submitted,

SANDLER, TRAVIS & ROSENBERG, P.A.
Attorneys for Plaintiff
675 Third Avenue, Suite 1805-06
New York, New York 10017
(212) 549-0156

By:     /s/Patrick D. Gill
         Patrick D. Gill

Dated:  April 23, 2021

6