**23-2274**

IN THE

# United States Court of Appeals

### FOR THE FEDERAL CIRCUIT

◆◆◆

TARGET CORPORATION,

*Plaintiff-Appellant,*

—v.—

UNITED STATES,

*Defendant-Appellee.*

APPEAL FROM THE UNITED STATES COURT OF INTERNATIONAL TRADE
IN COURT NO. 21-00162
SENIOR JUDGE LEO M. GORDON

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

PATRICK D. GILL
SANDLER, TRAVIS & ROSENBERG, P.A.
675 Third Avenue, Suite 1805-06
New York, New York 10017
(212) 549-0156

*Attorneys for Plaintiff-Appellant*

FORM 9. Certificate of Interest     Form 9 (p. 1)
     March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF INTEREST

**Case Number** 23-2274

**Short Case Caption** Target Corporation v. US

**Filing Party/Entity** Target Corporation

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/18/2024         Signature: /s/Patrick D. Gill

                         Name: Patrick D. Gill

FORM 9. Certificate of Interest　　　　　　　　　　　　　　　　　　　　　　Form 9 (p. 2)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Target Corporation | Target Corporation | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐　Additional pages attached

FORM 9. Certificate of Interest                                           Form 9 (p. 3)
                                                                          March 2023

> **4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).
>
> ☑ None/Not Applicable        ☐ Additional pages attached
>
> |   |   |   |
> |---|---|---|
> |   |   |   |
> |   |   |   |
> |   |   |   |

> **5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?
>
> ☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)
>
> If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

> **6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).
>
> ☑ None/Not Applicable        ☐ Additional pages attached
>
> |   |   |   |
> |---|---|---|
> |   |   |   |
> |   |   |   |

# **TABLE OF CONTENTS**

DEFENDANT-APPELLEE HAS FAILED TO DEMONSTRATE THAT THE *CEMEX* CASE IS NOT A CONTROLLING PRECEDENT THAT MUST DETERMINE THE OUTCOME OF THIS CASE ................... 2

## TABLE OF AUTHORITIES

**CASES:**

*Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187 (Fed. Cir. 2009) .........2, 3, 4

*Am. Signature, Inc. v. United States,* 598 F.3d 816 (Fed. Cir. 2010) ..............2, 3, 5, 6

*Cemex, S.A. v. United States*, 384 F.3d 1314 (Fed. Cir. 2004) .........................*passim*

*Home Products International, Inc., et al., v. United States*, 405 F. Supp. 3d 1368 (Ct. Int'l Trade 2019) ................................................................5, 6, 7, 8

*In Re 301 Cases,* 524 F. Supp. 3d 1355 (Ct. Int'l Trade 2021) .............................4, 6

*Mertens v. Hewitt*, 508 U.S. 248, 255 (1993) .........................................................5

*Shinyei Corp of Am. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004) ..............2, 3, 4

**STATUTES:**

19 U.S.C. 1501 ........................................................................................................4

19 U.S.C. 1504(d) ...................................................................................................7

19 U.S.C. 1514 .................................................................................................7, 8, 9

28 U.S.C. 1581(a) ............................................................................................6, 7, 8

28 U.S.C. 1581(i) ................................................................................................4, 7

23-2274

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

TARGET CORPORATION,
Plaintiff-Appellant

v.

United States,
Defendant-Appellee

Appeal From The United States Court of International Trade
In Case No. 21-00162, Judge Leo M. Gordon

**REPLY BRIEF FOR PLAINTIFF-APPELLANT**

Target respectfully submits that defendant-appellee has completely failed to distinguish this case from *Cemex, S.A. v. United States*, 384 F.3d 1314 (Fed. Cir. 2004). The essence of the argument is that *Cemex* does not apply because of irrelevant factual and legal distinctions that have already been addressed extensively in Target's main brief, Blue Br. 12-16, and we will attempt to avoid unnecessary repetition of the arguments which we have already made. Defendant-appellee's arguments fail to distinguish the *Cemex* case from this case and the controlling effect

1

of that precedent. No amount of legal legerdemain and reference to inapposite and distinguishable case law can mask the vacuity of defendant-appellee's attempted distinctions.

### DEFENDANT-APPELLEE HAS FAILED TO DEMONSTRATE THAT THE *CEMEX* CASE IS NOT A CONTROLLING PRECEDENT THAT MUST DETERMINE THE OUTCOME OF THIS CASE

Defendant-appellee attempts to distinguish the *Cemex* case from the instant case despite that factually and legally *Cemex* is on all fours with this case. Recognizing that it is up against the impossibly high bar of the *Cemex* case, defendant-appellee attempts to rely on cases that are not on point in order to sidestep *Cemex*. Defendant-appellee relies upon the decisions in *Am. Signature, Inc. v. United States*, 598 F.3d 816 (Fed. Cir. 2010) Red Br. 18, 29; *Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187 (Fed. Cir. 2009) Red Br. 27, 28, 29 and 33; and *Shinyei Corp of Am. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004) Red Br. 29; in its attempt to distinguish this case from *Cemex*. These cases do not overcome *Cemex*, and in fact are consistent with it.

Aside from not being on point with this case and *Cemex*, Target has no quarrel with those decisions as it recognizes the equitable authority of a court to <u>legally</u> enforce its judgments. However, none of those cases or any others cited by defendant-appellee stands for the proposition that the courts can exercise their

2

equitable powers in a way that would defy statutory provisions and binding case law.

Indeed, it is even more puzzling that the defendant-appellee goes on to heavily rely on the *Shinyei* opinion by Judge Michel for a unanimous panel consisting of Circuit Judges Newman, Michel and Rader, Red Br. 29, the very same panel which decided *Cemex* in a unanimous opinion also written by Judge Michel. In fact, it was written only months before *Cemex* was decided. It is unquestionable the Federal Circuit would have been aware of the *Shinyei* case when it decided *Cemex* and recognized the distinction between them as to law and equity.[1] And while not directly on point with *Cemex*, the *Shinyei* case is very supportive of, and certainly not in contravention to the conclusion in *Cemex*.

The other two cases relied upon by defendant-appellee in its artful, but ill-conceived attempt to sidestep *Cemex*, *Am. Signature, Inc., supra*, (*ASI*) and *Agro Dutch Indus. Ltd., supra,* (*Agro*), equally miss the mark. In *ASI*, this Court stated as follows (598 F.3d at 829):

> In *Shinyei*, we addressed the scope of [19 U.S.C. 1514(a)], concluding that the protest provisions only apply to "decisions" of the "Customs Service." *Shinyei*, 355 F.3d at 1311. Here as in *Shinyei*, the alleged agency error is on the part of Commerce, not Customs. Therefore, section 1514(a) is inapplicable.

---

[1] It is probable that the oral argument in both cases took place on the same day.

3

Furthermore, *ASI* filed suit under Section 1581(i), and this Court entertained the suit under that provision. *Id.* at 821. The Federal Circuit allowed the appeal because *ASI* agreed to a waiver of Section 1501. *Id.* at 824. The waiver of Section 1501 by *ASI* "obviates any problem with the ninety-day deadline." *Id*. at 829. The Court clearly recognized the impact that the 90-day deadline in Section 1501 would otherwise have had in that case, but for the waiver. As a result, this Court reversed Judge Gordon's decision in that case.

Likewise, in *Agro*, the Federal Circuit dealt with prospective injunctive relief. The Court held that "the trial court did not abuse its discretion in amending the judgment to effect the parties' intent to prevent liquidation and allow adjudication of the merits of this dispute." 589 F.3d at 1194. These three cases, the three-legged stool of defendant-appellee's argument, amount to a mere a distraction from the real issue in this case, the result of which is dictated by *Cemex*.

The interplay of the *Shinyei* case and the *ASI* case was discussed in the recent decision in *In Re 301 Cases,* 524 F. Supp. 3d 1355 (Ct. Int'l Trade 2021), appeal pending. In the decision in *ASI,* the Court stated that *Shinyei* stands for the proposition that "the CIT may under certain circumstances, use its equitable powers to compel reliquidation of entries if a preliminary injunction has been sought or denied. [Emphasis added]. *ASI* at 828 (citing *Shinyei*, 355 F.3d at 132). This underscores the fact that equitable relief was discussed in the limited context

4

of preliminary injunction cases. *Cemex* and this case could not be further from preliminary injunction cases.

The thrust of defendant-appellee's argument is that the Court's equitable powers can be used to overrule the statute and the precedent set by the Federal Circuit in the *Cemex* case. That would be an abuse of equitable power as it was in the final order by the Court in *Home Products International, Inc., et al., v. United States,* 405 F. Supp. 3d 1368 (Ct. Int'l Trade 2019), hereinafter *Home Products I*. There is no question that the Court has powers in equity as well as powers in law. Among other things, equity gives the court the power to enforce its judgment in a way that is consistent with the law. But it absolutely does not give the Court power to use its equitable powers to disregard the law. See Blue Br. 15-16 and *Mertens v. Hewitt*, 508 U.S. 248, 255 (1993).

Much of the CIT's decision in *Home Products I* is centered on the discussion of the Court's equitable powers. That discussion is an analysis of the grant of equitable power to the Court resulting from the Customs Court Act of 1980, Pub. L. 96-417, 94 Stat. 1727 (1980). *Home Products I, supra* at 1371 – 1372. It is beyond question that the court as an Article III Court has extensive equitable powers, and Target is in no way suggesting that that is not the case. But those equitable powers are not without limit.

While *In Re Section 301 Cases* does not involve section 1581(a), the remarks by Chief Judge Barnett in his dissent are instructive and mirror Target's arguments in this case. Therein he stated (*id*. at 1374):

> *   *   *.  <u>Notwithstanding the investiture of broad equitable powers in the CIT, Congress also enacted specific statutory provisions pursuant to which liquidation that is final and conclusive precludes the court from awarding relief</u>. While the vast majority of actions before the CIT arise in connection with the statutory provisions for which Congress has expressly spoken with respect to the effect of liquidation, this case arises under the court's residual jurisdiction provision, pursuant to which the court retains all its powers in law and equity to provide relief consistent with 28 U.S.C. § 2643.
>
> <u>In cases arising pursuant to the court's jurisdiction under 28 U.S.C. § 1581(a), the finality of liquidation is governed by 19 U.S.C. § 1514(a)</u>. That provision provides:
>
>> [D]ecisions of the Customs Service . . . as to . . . (2) the classification and rate and amount of duties chargeable; [or] . . . (5) the liquidation or reliquidation of an entry . . . shall be final and conclusive upon all persons . . . unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the [CIT].
>
> 19 U.S.C. § 1514(a)(2), (5). Thus, section 1514(a) precludes the CIT from reviewing a challenge to—and ordering reliquidation based on—an erroneous decision by U.S. Customs and Border Protection ("Customs" or "CBP") unless the statutory protest requirements are met. *See, e.g.*, *Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1345 (Fed. Cir. 1995); *Mitsubishi Elecs. Am., Inc. v. United States*, 18 CIT 167, 172, 848 F. Supp. 193, 197 (1994).  [Emphasis added.]

As argued in our main brief, defendant-appellee's attempt to distinguish *Cemex* on the basis of the facts in *Home Products I,* Red Br. 12-16. is pure artifice,

6

a distinction without a difference. Defendant-appellee contends that "*Cemex* involved erroneous liquidations that occurred under unique circumstances distinct from what occurred in *Home Products*..." Red Br. 12. The irrelevant factual distinctions alluded to by defendant-appellee do not constitute a basis for legally distinguishing this case from *Cemex*. See, Blue Br. 12-16. The purported distinguishing facts relate to whether the courts retained jurisdiction under 28 U.S.C. 1581(i) versus 28 U.S.C. 1581(a). That is not an issue in this case; there is no question or controversy that the Court has jurisdiction under section 1581(a). And in an action under section 1581(a), the time limitations of section 1504(d) and section 1514(a) control.

In its reliance on *Home Products I*, defendant-appellee attempts to lift itself by its own bootstraps. Red Br. 8. Defendant-appellee states (*id.*):

> By seeking relief that the trial court had already considered, rejected, and ordered otherwise in *Home Products I*, we requested the dismissal of Target's complaint as it presented no new factual considerations or legal arguments for the trial court to revisit its already considered, and reconsidered, decision in the concluded litigation.

Defendant-appellee seems to be taking a position that the decision in *Home Products I* is etched in stone. Defendant-appellee argues that *Home Products I*, a decision that was never considered or reviewed by this Court on the merits, precludes this Court from examining it, in an inappropriate attempt to preempt the trial court's decision over one by this Court. The essence of defendant-appellee's position is in

7

effect the position taken by the CIT in *Home Products I*. Defendant-appellee argues that Target is asking this Court "to revisit and reverse the trial court's decision in" *Home Products I*. Red Br. 1-2. Target is not asking this Court to revisit its decision on the merits in *Home Products I*, because this Court never reviewed that decision on the merits. As we have consistently argued, that decision flies in the face of the *Cemex* case, and if this Court agrees, there is nothing left to support defendant-appellee's position.

    Defendant-appellee also makes the incomprehensible argument that Target's entries were not deemed liquidated by operation of law. Red Br. 15-16. The heart of this argument attempts to distinguish the entries in this case from *Cemex* because "<u>Home Products I</u> only involved <u>actual</u> liquidations, not <u>deemed</u> liquidations as in *Cemex* . . ." Red Br. 15. This is the same erroneous distinction made by the court below. Appx13-14. In *Cemex*, the Court confirmed the finality of liquidations under section 1514(a) whether those liquidations were <u>deemed liquidated or otherwise</u>. 384 F. 3d at 1323.

    Finally, defendant-appellant goes on to make the disingenuous argument that the action should be dismissed for failure to state a claim because the claim is contrary to the decision in *Home Products II*. This is a willfully opportunistic misreading and misrepresentation of the Court's procedural decision in *Home Products II*. In protesting the liquidations under section 1514, Target followed the

8

exact path that this Court held was the proper one to challenge the liquidations in this case. We believe that we have fully addressed the absurdity of that claim in our main brief, Blue Br. 16-18, and we believe that nothing more needs to be said.

For all of these reasons, defendant-appellee has failed to successfully distinguish the *Cemex* case and to demonstrate why it is not controlling of the outcome in this case. As a result, the decision below should be reversed and the case remanded to the CIT to order a refund of the additional antidumping duties illegally collected, with interest as provided by law.

                              Respectfully submitted,

                              **SANDLER, TRAVIS & ROSENBERG, P.A.**
                              Attorneys for Plaintiff-Appellant
                              675 Third Avenue, Suite 1805-06
                              New York, New York 10017
                              (212) 549-0156

                              By:   /s/Patrick D. Gill
                                      Patrick D. Gill

Dated: January 18, 2024

# CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type face and type style requirements of the Federal Rules of Appellate Procedure 27(d)(1)(E).

I also certify that the reply brief complies with the type-volume limitations of Federal Circuit Rule 27(b) and Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2076 words.

Dated:  January 18, 2024                              /s/ Patrick D. Gill
                                                     Patrick D. Gill

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2024, a copy of the foregoing reply brief for plaintiff-appellant was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this this filing through the Court's system.

<u>/s/ Patrick D. Gill</u>
Patrick D. Gill